**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**ROBERT G. MAHLIN,**
      **Plaintiff,**

v.                                                                     Civil Action No. 3:13-CV-0906-M-BK

**GMAC MORTGAGE LLC, SHELLEY
ORTOLANI, MARY MANCUSO,
BOB LEE, JANAE URBANCZYK,
NOEL MCNALL, CASSANDRA
INOUYEA, ELIZABETH ERANOSIAN,
RASC SERIES 2005-KS10 TRUST,
U.S. BANK NATIONAL ASSOCIATION,
AND EXECUTIVE TRUSTEE SERVICES,
LLC,**
      **Defendants.**

## FINDINGS, CONCLUSION AND RECOMMENDATION

This case has been referred to the undersigned for pretrial management. Now before the Court is *Plaintiff's Motion to Remand* (Doc. 13) and *Motion to Dismiss Defendants Shelley Ortolani, Bob Lee, and Janae Urbanczyk* (Doc. 20). It is recommended that the motion to remand be **DENIED** and the motion to dismiss be **GRANTED**.

The underlying facts of this case concern the foreclosure sale of Plaintiff's real property. (Doc. 1-4 at 6). On February 4, 2013, Plaintiff filed a *pro se* petition in state court, which alleged that Defendants failed to provide proper notice of the foreclosure sale and requested declaratory and injunctive relief. *Id*. at 8-11. On February 27, 2013, Defendants U.S. Bank National Association ("U.S. Bank"), GMAC Mortgage LLC ("GMAC"), and Executive Trustee Services LLC ("ETS") removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 at 3).

Plaintiff filed his motion to remand on March 29, 2013, arguing that the Court lacks jurisdiction. (Doc. 13). Specifically, Plaintiff claims that the joinder of the individual trustees, Defendants Shelley Ortolani, Mary Mancuso, Bob Lee, Janae Urbanczyk, Noel McNally, Cassandra Inouye, and Elizabeth Yeranosian, is proper in this case because, like Plaintiff, they are Texas citizens, and all are substitute trustees who may be held liable for acts and omissions outside of the protection of good faith errors granted in Texas Property Code 51.007(f). (Doc. 13 at 3-4). Plaintiff additionally urges that Defendants U.S. Bank, GMAC and ETS did not obtain written consent of all other properly-served Defendants before removing the case. *Id*. at 6.

Defendants counter that Plaintiff does not have a viable claim against the substitute trustees, and therefore, their citizenship should be disregarded for diversity purposes. (Doc. 16 at 3). Specifically, Defendants argue that Plaintiff has made no specific allegation of wrongdoing against the substitute trustees, but rather, has alleged claims for actions allegedly taken solely by Defendants GMAC, U.S. Bank or ETS. *Id*. at 4.

On March 22, 2013, SubstituteTrustee Defendants Shelley Ortolani, Bob Lee, and Janae Urbanczyk filed a verified answer citing section 51.007 of the Texas Property Code and alleging that they are not necessary parties to this lawsuit and have been individually named as parties solely in their capacities as trustees under a mortgage instrument. (Doc. 10 at 5). After Plaintiff failed to timely file a verified response, they filed their motion to dismiss as permitted by that section. (Doc. 20).

**Motion for Remand**

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). A federal district court has original jurisdiction of an action between citizens of

different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). A plaintiff must move to remand an action within 30 days of removal on the basis of any defect in the removal procedure; however, there is no such limitation for remand for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

In evaluating citizenship for purposes of determining whether complete diversity exists, a court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). There are two general grounds upon which a court can find that a plaintiff improperly joined a defendant in an effort to defeat diversity jurisdiction: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted). Only the latter ground is at issue in this case.

The removing party carries a heavy burden when asserting improper joinder for failure to establish a cause of action. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The removing party must show that there is no possibility that the plaintiff can state a claim against the non-diverse defendant in state court. *Id.* When determining whether the plaintiff is able to establish a state claim against the non-diverse party, the district court asks whether there is any reasonable basis for the court to predict that the

plaintiff might be able to recover against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). To answer that question, "[t]he court may conduct a FED. R. CIV. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. (footnote omitted).

Under Rule 12(b)(6), a plaintiff fails to state a cause of action when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted). Simply put, the standard set forth in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Id.*

As a preliminary matter, because Plaintiff's motion for remand was filed more than 30 days after the case was removed, Plaintiff has waived all non-jurisdictional defects, including the removing Defendants' alleged failure to obtain the other properly-served Defendant's consent to removal. *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (failure to obtain the

4

consent of all the defendants for removal is not a jurisdictional defect and is thus waivable). Moreover, because Defendants did not remove the case on federal question grounds, as Plaintiff suggests, the fact that Plaintiff has not alleged a federal cause of action is of no moment. Consequently, the Court only considers Plaintiff's argument that the Court lacks subject matter jurisdiction because the non-diverse parties, the individually-named substitute trustees Shelley Ortolani, Mary Mancuso, Bob Lee, Janae Urbanczyk, Noel McNally, Cassandra Inouye, and Elizabeth Yeranosian ("individually-named trustee Defendants"), are, like Plaintiff, citizens of Texas, and were properly joined as parties to this action.[1] (Doc. 13 at 3-4). Upon review, the Court concludes that Plaintiff has failed to state a claim as to either of the individually-named trustee Defendants. Thus, their citizenship must be disregarded for purposes of determining if complete diversity exists for jurisdictional purposes.

The complaint alleges multiple violations of the Texas Property Code. However, those allegations wholly fail to address the substitute trustees, let alone state a cause of action against them.

Plaintiff's claim under Texas Property Code 51.002(e) for failure to provide service of notice of sale does not contain factual allegations against the individually-named trustee Defendants. (Doc. 1-4 at 8). Rather, Plaintiff alleges only that "GMAC Mortgage . . . sent notice of the alleged intent to accelerate and enclose[ed] notice of substitute trustee's sale but the receipt does not bear the notice of the United States Postal Service or any other official depository." *Id*. The individually-named trustee Defendants are not even mentioned.

Plaintiff also alleges violations of section 51.002(d) of the Texas Property Code, however, that statute addresses only conduct of the mortgage servicer. *See* TEX. PROP. CODE §

---

[1] It is undisputed that the amount in controversy exceeds the minimum jurisdictional limits of this Court. (Doc. 1 at 3).

51.002(d) ("the *mortgage servicer* of the debt shall serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale") (emphasis added). Again, Plaintiff wholly fails to allege any facts in support of a cause of action under this section against the individually-named trustee Defendants.

Plaintiff also alleges "Defendants did not comply with the Tex. Prop. Code § 51.002," which governs posting the notice of sale; and avers that his search of the Dallas County Clerk's property records on February 3, 2013 revealed that no notice of foreclosure was filed. (Doc. 1-4 at 10, 16). Again, Plaintiff fails to include any factual allegations whatsoever against the individually-named trustee Defendants. And, while Plaintiff contends that under Texas Property Code § 51.0075(e), a mortgage servicer is required to provide the name and street address for a trustee or substitute trustee on the notice required by 51.002(b) (Doc. 1-4 at 10), he points to no conduct of the individually-named trustee Defendants that violated this provision. *Id*.

In his motion for remand, Plaintiff cites Texas Property Code section 51.007(f), which provides that trustees may be held liable for their own bad acts and omissions, separate and apart from any reliance on information provided by others. (Doc. 13 at 4). However, neither Plaintiff's complaint nor motion for remand includes factual allegations of any bad acts or omissions of the individually-named trustee Defendants.

Finally, in order to receive injunctive relief, Plaintiff must show "(1) irreparable injury [,] (2) substantial likelihood of success on the merits, (3) a favorable balance of hardships, and (4) no adverse effect on the public interest." *Black Fire Fighters Assoc. of Dallas v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990). Similarly, the availability of a declaratory judgment depends upon the existence of a judicially remediable right. *Schilling v. Rogers,* 363 U.S. 666, 677

(1960).  Here, because Plaintiff has failed to plead any claim against the individually-named trustee Defendants on which there is a substantial likelihood of success on the merits or the existence of a judicially remediable right, he also cannot state a claim of injunctive or declaratory relief against them.

Because Plaintiff has failed to state a viable claim against either of the individually-named trustee Defendants, their citizenship must be disregarded for jurisdictional purposes.  *See Eisenberg v. Deutsche Bank Trust Co. Ams.*, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) ("[T]he Court finds that the Substitute Trustees are nominal parties whose presence does not defeat diversity jurisdiction.").  Consequently, complete diversity of citizenship exists between the parties.  *See* Doc. 1 at 4-5 (stating that Plaintiff is a citizen of Texas; Defendant U.S. Bank is a citizen of Minnesota; Defendant GMAC is a citizen of Delaware and Michigan; Defendant ETS is a citizen of Delaware and Michigan; and Defendant RASC Trust is a citizen of Minnesota).

### Motion to Dismiss

Substitute Trustee Defendants Shelley Ortolani, Bob Lee, and Janae Urbanczyk have moved to be dismissed as parties to this action under Texas Property Code section 51.007.  (Doc. 20).  In their verified answer filed on March 22, 2013, they raised, as an affirmative defense, their reasonable belief that they were named as parties solely in their capacities as trustees under the deed "based on the fact that none of the Substitute Trustee Defendants have had any dealings with Plaintiff except as trustee."  (Doc. 10 at 5).  They further averred that none of the trustees has ever spoken to or corresponded with Plaintiff or prepared any documents about which Plaintiff complains.  *Id*.  Plaintiff failed to timely file a verified response to the verified answer.

Under the Texas statute, if no verified response is filed, "the trustee shall be dismissed from the suit ... without prejudice." TEX. PROP. CODE § 51.007(c).

Despite its procedural nature, federal district courts within this Circuit have dismissed substitute trustees as parties where the requirements of section 51.007 have been met. *See, e.g., Lewis v. GMAC Mortg.*, LLC, 1:12-CV-129, 2012 WL 3647425, at *1 (E.D. Tex. July 18, 2012) report and recommendation adopted, 1:12-CV-129, 2012 WL 3647410 (E.D. Tex. Aug. 22, 2012) (noting that federal courts have not treated this section of the Texas Property could as an inapplicable state procedural rule); *Vanderbilt Mort. & Fin., Inc. v. Flores*, 2010 WL 3521727, at *3 (S.D. Tex. Sept. 8, 2010) (stating "Texas district courts have not treated Section 51.007 as a state procedural rule that does not apply in federal courts"); *White v. Wells Fargo Bank NA*, 3:09-CV-1266-B, 2010 WL 2816818, at *1-2 (N.D. Tex. July 14, 2010) (Boyle, J.) (dismissing substitute trustees under Tex. Prop. Code § 51.007(c)); *Cooper v. Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.*, 3:07-CV-0427-G, 2008 WL 1848453, at *3 (N.D. Tex. Apr. 22, 2008) (Fish, J.) (applying Tex. Prop. Code § 51.007(b) and granting leave for a plaintiff to file a verified response to abide by the statute). The requirements of section 51.007 have been met by Defendants Shelley Ortolani, Bob Lee, and Janae Urbanczyk; consequently, the procedure followed in this case should not be any different than in the cited cases.[2]

Defendants Shelley Ortolani, Bob Lee, and Janae Urbanczyk's motion to dismiss should be **GRANTED**, and they should be dismissed as parties to this suit.

---

[2] Also, declining to apply this state procedural statute would result in the inequitable treatment of substitute trustees -- whose liabilities are also specified by the same statute -- not based on the merits of the claims against them, but simply the choice of forum.

**CONCLUSION**

It is recommended that *Plaintiff's Motion to Remand* (Doc. 13) be **DENIED**, and *Motion to Dismiss Defendants Shelley Ortolani, Bob Lee, and Janae Urbanczyk* (Doc. 20) be **GRANTED**.

**SIGNED** August 8, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE