IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT G. MAHLIN,
       Plaintiff,

v.                                                                          Civil Action No. 3:13-CV-0906-M-BK

GMAC MORTGAGE LLC, SHELLEY
ORTOLANI, MARY MANCUSO,
BOB LEE, JANAE URBANCZYK,
NOEL MCNALL, CASSANDRA
INOUYEA, ELIZABETH ERANOSIAN,
RASC SERIES 2005-KS10 TRUST,
U.S. BANK NATIONAL ASSOCIATION,
AND EXECUTIVE TRUSTEE SERVICES,
LLC,
       Defendants.

**FINDINGS, CONCLUSION AND RECOMMENDATION**

This case has been referred to the undersigned for pretrial management. Now before the Court is Defendants' *Motion for Judgment on the Pleadings* (Doc. 12). Defendants filed their motion on March 27, 2013. *Id.* After filing his *Motion to Remand* on March 29, 2013 (Doc. 13), Plaintiff filed a *Motion to Extend Time to File Response/Reply to Defendants' Motion for Judgment on the Pleadings* (Doc. 18). On August 7, 2013, the undersigned denied Plaintiff's motion to extend time and ordered Plaintiff to respond to the motion by August 14, 2013, if he opposed the relief sought. (Doc. 22). To date, Plaintiff has failed to respond.

The underlying facts of this case concern the foreclosure sale of Plaintiff's real property. (Doc. 1-4 at 6). On February 4, 2013, Plaintiff, a licensed attorney, filed a *pro se* petition in state court, alleging violations of Texas Property Code section 51.002 for failure to properly serve notice of foreclosure sale and notice to cure, and seeking injunctive and declaratory relief. *Id*. at

8-11. On February 27, 2013, Defendants removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 at 3).

In the motion *sub judice*, Defendants contend Plaintiff's claims are barred by res judicata. (Doc. 12-1 at 1). Specifically, Defendants aver that Plaintiff previously filed a similar lawsuit in state court against U.S. Bank, ETS, MERS and the appointed substitute trustees in September 2010, which was also removed to this Court (*Mahlin v. US Bank, et al*, 3:11-cv-00342-M ("*Mahlin I*")). *Id*. at 2. Defendants state that Plaintiff's prior lawsuit proposed a "split the note" theory and was subsequently dismissed after Defendants filed a Motion for Judgment on the Pleadings. *Id*.; *Mahlin I*, 3:11-cv-00342-M, Doc. 41. Plaintiff's appeal was dismissed for want of prosecution by the Court of Appeals for the Fifth Circuit. *Mahlin I*, 3:11-cv-00342-M, Docs. 41, 47. Defendants argue that this lawsuit is yet another attempt to stop the foreclosure sale of Plaintiff's property, and "arises from the same 'nucleus of operative facts' -- i.e., the Loan and the right to enforce the Deed of Trust." (Doc. 12-1 at 4-5).[1]

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quotation omitted). The court must construe pleadings liberally, and judgment thereon is only appropriate if there are

---

[1] Because of the conclusion reached herein, the Court does not consider Defendants' alternative argument that even if Plaintiff's claims are not barred by res judicata, they still fail as a matter of law under Federal Rule of Civil Procedure 12(c). (Doc 12-1 at 5). In any event, the Court would be unable to consider the evidence Defendants submit in support of their arguments on the merits, as it is outside of the pleadings.

no disputed issues of fact and only questions of law remain. *Id.* In analyzing a plaintiff's complaint, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 312-13.

The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (discussing Rule 12(b)(6)); *see also* FED. R. EVID. 201(b) (providing that a court may take judicial notice of a fact that is not subject to reasonable dispute because it is either "(1) generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned."); *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998) (noting that the district court could take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering the judgment).

Federal law applies when a federal court determines the preclusive effect of a prior federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (holding that in the absence of a federal governing statute or rule, the res judicata effect of a federal judgment is determined by federal common law); c*f. Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 715 (5th Cir. 1975) ("Federal law clearly governs the question whether a prior federal court judgment based on federal question jurisdiction is res judicata in a case also brought, as this one was, under federal question jurisdiction.").

A claim is barred by federal principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). To determine whether the same claim or cause of action was involved, this Court applies the transactional test. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010). Under that test, "[t]he critical issue is whether the two actions under consideration are based on the same nucleus of operative facts." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (citation and emphasis omitted). The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Id*. at 395; *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

A comparison of the pleadings in this case and *Mahlin I* reveals that parties are the same or in privity. In *Mahlin I*, Plaintiff sued U.S. Bank individually and as trustee for RASC 2005-KS10,[2] ETS, and MERS, and Plaintiff brings this action against U.S. Bank, RASC 2005-KS10, ETS, MERS and GMAC Mortgage LLC. (Doc. 1-4 at 1; *Mahlin I*, 3:11-cv-00342-M, Doc. 1-1 at 11). The only difference in the parties is GMAC Mortgage. However, Plaintiff's complaint alleges that ETS is a GMAC Company, which suggests the two parties are in privity with each other. *See also Alsobrook v. GMAC Mortg., LLC*, 3:11-CV-00603-M, 2012 WL 1643220 (N.D.

---

[2] The docket sheet in the previous case contains a typographical error and states "RASC 2005sk10," however, Plaintiff's compliant states "RASC 2005KS10." *See Mahlin I*, 3:11-CV-00342-M at Doc. 1-1 at 11. Additionally, the Court finds that U.S. Bank individually and as trustee for RASC 2005-KS10, Defendant in *Mahlin* I, is in privity with Defendant RASC 2005-KS10 in this case.

Tex. Apr. 13, 2012) (Stickney, M.J.) ("Defendant ETS is wholly owned by GMAC and acts on its behalf as a mortgage servicer.").

As to the second factor, both cases are in courts of competent jurisdiction, namely, this Court, pursuant to diversity jurisdiction. Next, after Defendants filed their Motion for Judgment on the Pleadings in *Mahlin I*, Magistrate Judge Kaplan found that "there is simply no merit to plaintiff's claim that defendants improperly 'spilt and separated' the Note and Deed of Trust securing his mortgage loan," and recommended dismissal with prejudice. *Mahlin I*, 3:11-cv-00342-M, Doc. 36 at 6-7. District Judge Lynn accepted the recommendation and entered final judgment dismissing Plaintiff's claims with prejudice. *Mahlin I*, 3:11-cv-00342-M, Docs. 40-41. The judgment became final after Plaintiff's appeal to the Court of Appeals for the Fifth Circuit was dismissed for want of prosecution. *Mahlin I*, 3:11-cv-00342-M, Doc. 47.

As to the final factor, Plaintiff's claims in both cases concern the eviction and foreclosure proceedings on Plaintiff's property located at 5223 Richard Avenue, Dallas, Texas. (Doc. 1-4 at 6; *Mahlin I*, 3:11-cv-00342-M, Doc. 1-1 at 14); *also see, e.g., Steele v. Quantum Servicing Corp.*, 3:12-CV-2897-L, 2012 WL 5987685 (N.D. Tex. Nov. 30, 2012) (finding the plaintiff's subsequent claims concerning foreclosure of their property barred by res judicata based on the judgment in their prior action), *vacated in part*, 3:12-CV-2897-L, 2013 WL 3196544 (N.D. Tex. June 25, 2013). In *Mahlin I*, Plaintiff alleged breach of contract and violations of federal and state fair debt collection statutes, and sought injunctive and declaratory relief, based on his theory that Defendants improperly "split and separated" the Note and Deed of Trust, improperly appointed a substitute trustee, and failed to answer his letters that disputed the debt. *Mahlin I*, 3:11-cv-00342-M, Doc. 1-1 at 15-19. In the instant case, Plaintiff similarly alleges that the same

Note and Deed of Trust were improperly transferred. (Doc. 1-4 at 6-7). Thus, based on the transactional test, the same claims and causes of action are involved in this case and *Mahlin I*.

Finally, here, Plaintiff alleges violations of the Texas Property Code regarding the lack of proper notice of the foreclosure sale which were not alleged in *Mahlin I*. *Id*. at 8-10. While not previously raised, those claims are nonetheless precluded because of their relation to those brought in *Mahlin I*. Under the transactional test, because Plaintiff's Texas Property Code claims arise out of the same nucleus of operative facts as those in *Mahlin I* -- the initiation of foreclosure proceedings on Plaintiff's property -- they should have been brought in *Mahlin I*. "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 934 (5th Cir. 1999) (citing *Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir. 1996); *see also Tu Nguyen v. Bank of Am.*, N.A., 2013 WL 1153041, at *2-3 (5th Cir. 2013) (unpublished) (finding that a plaintiff's present lawsuit arose from the same nucleus of operative facts stemming from foreclosure proceedings of his house as his prior lawsuit, thus barring the current suit). Therefore, this case should be dismissed under the doctrine of res judicata.

## RECOMMENDATION

Defendants' *Motion for Judgment on the Pleadings* (Doc. 12) should be **GRANTED** and Plaintiff's case should be **DISMISSED WITH PREJUDICE**.

**SIGNED** August 21, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE